R. W. WARREN ET AL. v. G. N. GENTRY ET AL.

Decided April 26, 1899.

1.  **Consideration—Settlement—Pleading.**

A plea alleging settlement and release of damages sued for in consideration of payment of $350 "and of other good and valuable considerations," was not subject to special demurrer on the ground that it showed payment of the $350 in discharge of a debt for that amount and disclosed no consideration for the release of the damages.

2.  **Same—Written Release.**

A release in writing imports a consideration (Revised Statutes, article 4863), and none need be alleged in pleading it. It can be impeached for want of consideration only by sworn plea.

ERROR to County Court of Hamilton. Tried below before Hon. J. C. MAIN.

*J. C. Roberts, J. W. Warren,* and *Dewey Langford,* for plaintiffs in error.

*Eidson & Eidson,* for defendants in error.

KEY, ASSOCIATE JUSTICE.—This is an action for damages for breach of a contract for the sale of 200 head of cattle. The plaintiffs obtained a judgment, and the defendants have brought the case to this court by writ of error.

In their trial amendment, the defendants in the court below pleaded a settlement, evidenced by a written receipt, by the terms of which the

plaintiffs released their claim for damages by reason of any breach of the contract sued on. By supplemental petition, the plaintiffs filed a general demurrer and special exception to the answer referred to, both of which were sustained by the court.

The answer was not obnoxious to a general demurrer, nor was it subject to the special exception urged against it. This exception is based upon the proposition that it appears from the answer that there was no consideration upon which to base the alleged release of liability upon the contract sued on, "it appearing from said special answer that the amount paid plaintiffs by said defendant R. W. Warren was simply in payment of the amount of money advanced him on his said contract by plaintiffs."

The answer avers that the consideration for the release referred to was $350 cash in hand paid, "and for and in consideration of other good and valuable considerations." No special exception was addressed to the latter averment, upon the ground of vagueness or want of particularity, and, in the absence of such exception, the answer must be held as sufficiently pleading a valuable consideration other than the $350 in cash. Hence, if it be conceded that the answer shows that the $350 cash payment was made in discharge of a pre-existing debt, and therefore could not operate as a consideration for the release of the damages sued for, still, the plea avers other valuable considerations, and the court erred in sustaining the exceptions urged against it.

Besides, the written agreement to release the defendants from liability, as pleaded in their answer, comes within the purview of article 4863 of the Revised Statutes, and must be held to import a consideration; and for this reason, it was not subject to attack by demurrer, either general or special, upon the ground of a failure to show consideration. In Newton v. Newton, 77 Texas, 508, construing the statute referred to, our Supreme Court said: "But under our statutes, all written instruments import a consideration. Rev. Stats., art. 4488. It is also provided that the consideration of a written instrument can only be impeached by a sworn plea. Rev. Stats., art. 1265."

On the other points presented in the briefs, we are of the opinion that the trial court ruled correctly; but for the error indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*