Johnny Preston **WILLIAMS, Jr., et al.,**
Appellants,

v.

**Wilbur HILL, Appellee.**

No. 16628.

Court of Civil Appeals of Texas.

Dallas.

Nov. 19, 1965.

Ronald R. Waldie and Irwin Massman, Dallas, for appellants.

Bailey & Williams and G. David Westfall, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an appeal from a summary judgment. The suit was originally instituted by Johnny Preston Williams, Jr., Richard Stanley Dickerson and Franklin Dickerson, as plaintiffs, against Wilbur Hill, as defendant, seeking to recover property damage and personal injuries allegedly sustained as a result of an automobile collision. The trial court sustained a summary judgment against Johnny Preston Williams, Jr. and Richard Stanley Dickerson and severed the cause of action of those two plaintiffs from that of Franklin Dickerson. The appeal of Johnny Preston Williams, Jr. and Richard Stanley Dickerson from the summary judgment against them was dismissed by us. Williams v. Hill, Tex.Civ.App., 392 S.W.2d 759.

The trial court then sustained a motion for summary judgment against Franklin Dickerson and he attacks that decree in this appeal, contending in his sole point of error that the evidence considered by the court raised a material fact issue.

In his second amended original answer Wilbur Hill alleged that Franklin Dickerson had released any and all claims incurred. In his motion for summary judgment Hill attaches the release executed by Franklin Dickerson on June 9, 1964 and also an affidavit of Timothy M. Carr, in which he states that Dickerson signed the release in his presence. The release appears to be regular in form and recites that Dickerson acknowledges receipt of the sum of $10, which sum is accepted in full settlement and satisfaction of, and as sole consideration for the full release and discharge of, all claims, actions and demands whatsoever, against Wilbur Hill on account of the injuries and property damage growing out of an accident which occurred on May 16, 1964. By first supplemental petition Dickerson alleged, under oath, "no consideration existed or passed to said plaintiff." In his answer to the motion for summary judgment Dickerson alleged that there was a genuine fact question relating to the "sufficiency of the consideration" and "that the deposition of Timothy M. Carr, referred to in defendant's motion for summary judgment contains genuine issues of fact relating to fraud * * *." In his affidavit attached to his answer to the motion for summary judgment Dickerson states that "no consideration existed or passed to me" and "further that Timothy M. Carr's deposition, referred to in defendant's said motion for summary judgment raises inferences of fraud perpetrated upon me." The deposition of Carr does not appear in this record.

We hold that the court's action in sustaining this motion for summary judgment was correct. We recognize the rule, now well established in our law, that the burden of proving the nonexistence of issuable facts is upon the party moving for summary judgment, and all doubts as to existence of such facts must be resolved against the movant. The law is also well settled that when the moving party presents extrinsic evidence which establishes the absence of issues of fact then the burden is upon the opposing party to come forward with affidavits or other extrinsic evidence to oppose the motion. Such opposing affidavits are insufficient when they are made in the form of a mere general denial, or based on hearsay, or consist of statements that are nothing more than mere conclusions. 45 Tex.Jur.2d § 137, p. 613.

In this case appellee pleaded a written release executed by appellant as a bar to appellant's cause of action. Appellant did not deny the execution of the release but attempted to avoid the effect of same by contending that it was not supported by consideration. A written instrument reciting a consideration imports one. Miers & Rose v. Trevino, Tex.Civ.App., 213 S.W. 715, err. ref. This rule is applicable to releases as well as other kinds of contracts. Warren v. Gentry, 21 Tex. Civ.App. 151, 50 S.W. 1025; Texas Central Ry. Co. v. Shirley, 62 Tex.Civ.App. 158, 130 S.W. 687. To offset this legal presumption of consideration it was incumbent upon appellant to present evidence legally admissible on the question of lack of consideration. This he attempted to do, not by statements of fact which would be admissible in evidence upon the trial of the case, but by mere conclusions of law. His statements in his affidavit that "no consideration existed or passed to me" and that Carr's deposition "raises inferences of fraud perpetrated upon me" are clearly recitations of legal conclusions and not statements of fact. What constitutes a consideration for a contract is a question of law. Whether inferences of fraud are available to vitiate a contract amounts to questions of law and not of fact. Since such statements would not be legally admissible on the trial of the case it necessarily follows that they cannot now support the proposition that they created issues of fact. Bates v. Smith, 155 Tex. 443, 289 S.W.2d 215; Box v. Bates, 162 Tex. 184, 346 S.W.2d 317; Allen v. Western Alliance Ins. Co., 162 Tex. 572, 349 S.W.2d 590; Sparkman v. McWhirter, Tex.Civ. App., 263 S.W.2d 832, wr. ref.; Schepps v. American District Telegraph Co. of Texas, Tex.Civ.App., 286 S.W.2d 684.

Finally, appellant assails the release because the same was not witnessed nor executed before a notary public. No authority has been cited in support of this novel contention. We know of no law which requires a release such as the one revealed by this record to be either witnessed or executed before a notary public.

Finding no reversible error reflected by this record the judgment of the trial court is affirmed.

Affirmed.