Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

IN RE: MARIA BUSTAMANTE,
)
 No. 08-03-00040-CV

)


 Relator. AN ORIGINAL PROCEEDING
)
 

)


)
 IN MANDAMUS

)



OPINION ON PETITION FOR WRIT OF MANDAMUS



 This is an original proceeding in mandamus. Maria Bustamante, Relator, seeks a writ of 
mandamus requiring the Honorable Mary Anne Bramblett, Judge of the 41st District Court of
El Paso County, to vacate her order requiring Bustamante to arbitrate her negligence claim against 
her employer, Camino Real Hotel - El Paso a/k/a Hotel Paso del Norte, Inc. (Camino Real). For the
reasons stated below, we deny relief. We note, however, that Justice Larsen would set the matter
for oral argument.

STANDARD OF REVIEW


 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. 
Id.

1. Clear abuse of discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse
of discretion warranting correction by mandamus occurs when a court issues a decision which is
without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985)(orig. proceeding). With respect to resolution of factual issues or matters
committed to the trial court's discretion, the reviewing court may not substitute its judgment for that
of the trial court. Walker, 827 S.W.2d at 839-40. The relator must therefore establish that the trial
court could reasonably have reached only one decision. Id. Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be
arbitrary and unreasonable. Id. With respect to a trial court's determination of the legal principles
controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in
determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ. Walker, 827 S.W.2d at 840.

2. No adequate remedy by appeal

 An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as
a normal appeal." Walker, 827 S.W.2d at 840, quoting State v. Walker, 679 S.W.2d 484, 485 (Tex.
1984). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. The writ will issue "only in situations involving manifest and urgent necessity and
not for grievances that may be addressed by other remedies." Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original Jurisdiction of the Supreme Court
and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, § 1.4(1)(b) at 47 (2d Ed.
1979).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT


 Bustamante argues, among other things, that the arbitration agreement is illusory because
Camino Real retained the right to unilaterally amend the agreement at any time. See e.g., J.M.
Davidson, Inc. v. Webster, 49 S.W.3d 507, 514 (Tex.App.--Corpus Christi 2001, pet. granted)
(holding that binding arbitration agreement did not exist between employer and at-will employee,
although employee signed an arbitration policy with employer, where employer reserved right to
unilaterally abolish or modify any personnel policy, only employer could modify policy, and
employee was compelled to sign arbitration policy after his employment had already begun for no
additional consideration); Russ Berrie & Co., Inc. v. Gantt, 998 S.W.2d 713, 718 & n.23 (Tex.App.--El Paso 1999, no pet.)(noting that the employment agreement containing an arbitration clause might
be illusory under Texas law where the employer retained the right to modify the agreement). The
record before us does not support Bustamante's argument. The arbitration agreement clearly requires
the mutual consent of the parties to modify the arbitration agreement whereas the occupational injury
plan adopted by Camino Real in 2002 provided the employer with the right to unilaterally amend the
plan at any time. Bustamante has not, however, provided the Court with a copy of the occupational
injury plan in effect at the time of her injury. We will not assume that the controlling occupational
injury plan contains the same language. Consequently, the record before us does not reflect that the
trial court clearly abused its discretion by ordering Relator to arbitrate her negligence claim against
Camino Real. We deny the relief requested in the petition for writ of mandamus.


March 27, 2003 

 ANN CRAWFORD McCLURE, Justice

Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.