**In re Maria BUSTAMANTE, Relator.**

**No. 08–03–00040–CV.**

Court of Appeals of Texas,
El Paso.

March 27, 2003.
Rehearing Overruled April 30, 2003.

review of the implied finding. However, the Court of Appeals overruled *Coleman* in *John-* *son.*

John P. Mobbs, Humberto S. Enriquez, El Paso, for relator.

Mary Anne Bramblett, El Paso, for respondent.

Chris Johnston, Firth Johnston Martinez, El Paso, for real party in interest: Camino Real Hotel.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

This is an original proceeding in mandamus. Maria Bustamante, Relator, seeks a writ of mandamus requiring the Honorable Mary Anne Bramblett, Judge of the 41st District Court of El Paso County, to vacate her order requiring Bustamante to arbitrate her negligence claim against her employer, Camino Real Hotel—El Paso a/k/a Hotel Paso del Norte, Inc. (Camino Real). For the reasons stated below, we deny relief. We note, however, that Justice Larsen would set the matter for oral argument.

## STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

### 1. Clear abuse of discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker*, 827 S.W.2d at 840.

### 2. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usual-

ly appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, *quoting State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989), *quoting* James Sales, *Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas,* § 1.4(1)(b) at 47 (2d Ed.1979).

### APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

▮ Bustamante argues, among other things, that the arbitration agreement is illusory because Camino Real retained the right to unilaterally amend the agreement at any time. *See e.g., J.M. Davidson, Inc. v. Webster,* 49 S.W.3d 507, 514 (Tex.App.-Corpus Christi 2001, pet. granted) (holding that binding arbitration agreement did not exist between employer and at-will employee, although employee signed an arbitration policy with employer, where employer reserved right to unilaterally abolish or modify any personnel policy, only employer could modify policy, and employee was compelled to sign arbitration policy after his employment had already begun for no additional consideration); *Russ Berrie & Co., Inc. v. Gantt,* 998 S.W.2d 713, 718 & n. 23 (Tex.App.-El Paso 1999, no pet.)(noting that the employment agreement containing an arbitration clause might be illusory under Texas law where the employer retained the right to modify the agreement). The record before us does not support Bustamante's argument. The arbitration agreement clearly requires the mutual consent of the parties to modify the arbitration agreement whereas the occupational injury plan adopted by Camino Real in 2002 provided the employer with the right to unilaterally amend the plan at any time. Bustamante has not, however, provided the Court with a copy of the occupational injury plan in effect at the time of her injury. We will not assume that the controlling occupational injury plan contains the same language. Consequently, the record before us does not reflect that the trial court clearly abused its discretion by ordering Relator to arbitrate her negligence claim against Camino Real. We deny the relief requested in the petition for writ of mandamus.