COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


 NUMBER 13-01-457-CV


LABOR READY CENTRAL III, L.P. AND LUIS TREVINO, Appellants,

v.


DIANA GONZALEZ , Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 3 

of Nueces County, Texas.

__________________________________________________________________


 NUMBER 13-01-600-CV


IN RE LABOR READY CENTRAL III, L.P. AND LUIS TREVINO

___________________________________________________________________


On Petition for Writ of Mandamus .

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Rodriguez


 This is an interlocutory appeal from the trial court's denial of a motion to compel arbitration filed by appellants, Labor
Ready Central III, L.P. (Labor Ready) and District Manager Luis Trevino. Appellants also ask this Court to issue a writ of
mandamus ordering the trial court to grant their motion to compel arbitration. By one issue, appellants contend that the
court erred in denying their motion to compel arbitration. We affirm the trial court's order, and deny appellants' request for
a writ of mandamus.

Affidavits, pleadings, discovery, and stipulations may be considered in a court's determination regarding whether to compel
arbitration. See Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992). The pleadings in this case reveal that
on June 13, 1998, Labor Ready hired appellee, Diana Gonzalez, as a customer service representative. On that same day,
Gonzalez and a representative of Labor Ready signed an employment contract and statement of at-will employment
(agreement). The agreement contained the following arbitration clause:

 


 Company and Employee agree with each other that any claim of Employee arising out of or relating to this Contract or
the breach of this Contract or Employee's employment by Company, including, without limitation, any claim for
compensation due, wrongful termination and any claim alleging discrimination or harassment in any form shall be
resolved by binding arbitration. The arbitration shall be administered by the American Arbitration Association under its
Commercial Arbitration Rules at the American Arbitration Association Office nearest the place of employment. The
award entered by the arbitrator shall be final and binding in all respects and judgment thereon may be entered in any
Court having jurisdiction.




Gonzalez alleges she was terminated on August 30, 2000, because she opposed unwanted physical conduct of a sexual
nature by a male employee of Labor Ready. On January 8, 2001, Gonzalez filed the present lawsuit asserting retaliation
claims against Labor Ready and tortious interference with contractual relations claims against Trevino. Appellants filed
their motion to dismiss and compel arbitration. At a hearing on the motion, counsel stipulated that: (1) Texas law would
control as to matters in dispute; and (2) the relationship was an at-will employment relationship. The trial court denied
appellants' motion. Appellants filed an interlocutory appeal and a mandamus action. (1)

On appeal, we review the trial court's determination regarding the existence of an arbitration agreement under an abuse of
discretion standard. See id. "Whether an agreement imposes a duty on the parties to arbitrate a dispute is a matter of
contract interpretation and, thus, is a question of law for the court." See J.M. Davidson, Inc. v. Webster, 49 S.W.3d 507,
511-12 (Tex. App.-Corpus Christi 2001, pet. filed) (citing Tenet Healthcare Ltd. v. Cooper, 960 S.W.2d 386, 388 (Tex.
App.-Houston [14th Dist.] 1998, writ dism'd w.o.j.); Kline v. O'Quinn, 874 S.W.2d 776, 782 (Tex. App.-Houston [14th
Dist.] 1994, writ denied)). In an interlocutory appeal, we review factual questions under a "no evidence" standard;
however, legal conclusions are reviewed de novo. See Ikon Office Solutions, Inc. v. Eifert and In re Ikon Office Solutions,
Inc., 2 S.W.3d 688, 693 (Tex. App.-Houston [14th Dist.] 1999, no pet.). In a mandamus proceeding, relief will be granted
only if a trial court clearly abuses its discretion and there is no adequate remedy by appeal. See In re Bruce Terminix Co.,
988 S.W.2d 702, 703 (Tex. 1998) (citing Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992)). An error in determining
what the law is or in applying the law to the facts constitutes an abuse of discretion. See id.

 In determining whether to compel arbitration we must first determine whether a valid, enforceable arbitration contract
exists. See In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999); In re H.E. Butt Grocery Co., 17 S.W.3d
360, 366-67 (Tex. App.-Houston [14th Dist.] 2000, orig. proceeding). Under Texas law, (2)parties enter into a binding
contract when the following elements exist: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer;
(3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the
intent that it be mutual and binding. See Davidson, 49 S.W.2d at 512. Consideration is a fundamental element of any valid
contract. See id. A contract that lacks consideration lacks mutuality of obligation. See Federal Sign v. Tex. State Univ.,
951 S.W.2d 401, 408-09 (Tex. 1997).

 By their sole issue, appellants contend that Labor Ready and Gonzalez entered into a valid and enforceable agreement
wherein both parties agreed to arbitrate their claims. Appellants assert that language found at the beginning of the
agreement clearly demonstrates that all covenants are mutual and binding upon both Labor Ready and Gonzalez and that
each mutual covenant will act as consideration for the agreement. The first referenced recital upon which appellants rely
provides that the contract is "by and between Labor Ready . . . and . . . Gonzalez. . . ." Next, appellants reference the
language "in consideration of the mutual covenants herein." Appellants contend that this language, when read with the
arbitration clause, is sufficient to establish mutuality of obligation.

 Appellants rely on In re Alamo Lumber, 23 S.W.3d 577, 579 (Tex. App.-San Antonio 2000, writ denied) to support their
argument. The San Antonio Court concluded that because the parties mutually surrendered their rights to trial by jury,
valid consideration existed. Id. However, the language of the arbitration policy at issue in Alamo Lumber provided that the
arbitrator's award was "final and binding" and that "binding and final arbitration is the sole method for resolving
employment disputes." Id. Furthermore, under the heading "What is Covered by the Open Door Policy for Dispute
Resolution?" the arbitration policy stated that it covered "[b]asically . . . all disputes arising out of your employment. . . ." 
Id. Finally, the arbitration policy provided that "[c]laims which are not covered . . . and which must be pursued in their
appropriate forums are . . . claims by the Company . . . for injunctive or equitable relief. . . ." Id. The Alamo Lumber Court
reasoned that this language indicated that the arbitration policy covered claims asserted by the employer as well as claims
asserted by the employees, and that if the employer had not intended to subject any of its claims to arbitration, it would
have been unnecessary to include language exempting claims for injunctive or equitable relief. Id.

 We cannot conclude, as did the San Antonio court in Alamo Lumber, that Labor Ready and Gonzalez mutually surrendered
their rights to trial by jury, thus, valid consideration existed. The arbitration clause in the present case is not worded as
broadly as that in Alamo Lumber. Although the agreement, at paragraph 24, provides that it is binding on both parties, it
expressly limits arbitration to "any claim ofEmployee arising out of or relating to this Contract or the breach of this
Contract or Employee's employment by Company." (Emphasis added.) The language indicates the agreement covers
arbitration of claims asserted by Gonzalez, but not arbitration of claims asserted by Labor Ready.

 Furthermore, the agreement contains other provisions that operate to relieve Labor Ready of its obligation to arbitrate. For
example, paragraph 17 states:

 Employee acknowledges that irreparable damage will result to Company in the event of the breach of any covenant
contained herein and Employee agrees that in the event of any such breach, Company shall be entitled, in addition to any
and all other legal or equitable remedies and damages, to a temporary and/or permanent injunction to restrain the violation
thereof by Employee and all of the persons acting for or with Employee.



(Emphasis added.) Unlike the injunctive or equitable relief exemption in Alamo Lumber, the agreement in the present case
contemplates that Labor Ready is entitled not only to pursue equitable relief, but to seek legal relief in the appropriate
forum. Appellants argue that this paragraph applies only to non-competition and confidentiality issues, the breach of which
is typically addressed by seeking equitable relief. We disagree. The language in paragraph 17 does not expressly limit the
availability of a legal remedy to the dissemination of proprietary information. It applies equally to all covenants including,
for example, the employee's covenant to perform work in a careful and prudent manner found at paragraph 4 of the
agreement.

 Additionally, at paragraph 22,

 [t]he parties agree that in the event it becomes necessary for Company to seek judicial remedies for the breach or
threatened breach of this Employment Contract, Company shall be entitled to, in addition to all other remedies, recover
from Employee the costs of such judicial action including reasonable attorneys' fees.

 

This provision indicates that Labor Ready has reserved for itself the unilateral right to pursue judicial action in the event of
any breach or anticipated breach of the agreement, and that it would recover costs of any judicial action from its employee.

 We conclude Labor Ready gave no consideration for the purported arbitration agreement. Because there is no mutuality of
obligation, no enforceable arbitration agreement exists. (3)

 Thus, the trial court did not err in denying Labor Ready's motion to compel arbitration. Appellants' sole issue is
overruled.

 The trial court's order denying appellants' motion to compel arbitration is affirmed. Appellants' petition for a writ of
mandamus is denied. Furthermore, the stay granted on October 8, 2001, is ordered lifted. 

NELDA V. RODRIGUEZ

Justice



Publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 29th day of November, 2001.

 

1. A party that is denied the right to arbitrate under the Federal Arbitration Act (FAA) has no adequate remedy on appeal,
and relief by mandamus is appropriate. See In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573-75 (Tex. 1999). The
FAA applies where an agreement involves interstate commerce. See In re L & L Kempwood Assocs., L.P., 9 S.W.3d 125,
127 (Tex. 1999). However, pursuant to the Texas Arbitration Act (TAA), an interlocutory appeal may be taken from a trial
court's denial of a motion to compel arbitration. See Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (Vernon Supp.
2001). Because appellants are unsure as to whether the FAA or the TAA applies, they have filed a petition for writ of
mandamus and an interlocutory appeal.



 The arbitration clause in the agreement at issue in this case does not specifically invoke the FAA or the TAA. Neither
does the trial court's judgment indicate which act applies. See D. Wilson Constr. Co. v. Cris Equip. Co., 988 S.W.2d 388,
392 (Tex. App.-Corpus Christi 1999, orig. proceeding) (where parties designate in arbitration agreement which arbitration
statute controls, court should apply their choice). Furthermore, the facts before us are limited. Specifically, facts related to
the issue of interstate commerce are absent. Because we are unable to determine which act applies based on the record
before us, and because we reach the same result under either act, we will address both appellants' petition for writ of
mandamus and their interlocutory appeal. See J.M. Davidson, Inc. v. Webster, 49 S.W.3d 507, 509 (Tex. App.-Corpus
Christi 2001, pet. filed).

2. Under either the FAA or the TAA, state contract law is applied in deciding whether a party agreed to be bound to an
arbitration agreement. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 945 (1985); Davidson, 49 S.W.3d at
512 (citing 9 U.S.C. § 2 (2000); Tex. Civ. Prac. & Rem. Code Ann. § 171.001 (Vernon Supp. 2001); Tenet Healthcare Ltd.
v. Cooper, 960 S.W.2d 386, 387-88 (Tex. App.-Houston [14th Dist.] 1998, writ dism'd w.o.j.)).

3. Because we conclude there was no enforceable arbitration agreement due to a lack of consideration, we need not address
appellants' additional argument that the agreement was enforceable because Gonzalez's claims fall under the terms of the
arbitration. See In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573-75 (Tex. 1999) (party seeking to compel
arbitration must establish existence of arbitration agreement, and show that claims raised fall within scope of that
agreement).