In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00146-CV


____________________



IN RE NEXSTAR BROADCASTING, INC. d/b/a KBTV NBC 4


 




Original Proceeding






MEMORANDUM OPINION



 Nexstar Broadcasting, Inc. d/b/a KBTV NBC 4, filed a petition for writ of mandamus 
seeking to enforce an agreement to arbitrate an employment dispute with the real party in
interest, Rocio Garza. We hold: (1) mandamus relief is available because the dispute
concerns a contract evidencing a transaction involving interstate commerce; (2) the
arbitration agreement is supported by a reciprocal agreement to arbitrate and is enforceable;
(3) the claims brought in the litigation fall within the scope of the arbitration agreement; (4) 
Nexstar did not waive its right to enforce the agreement; and (5) Garza failed to establish that
enforcement of the agreement would be unconscionable. Accordingly, we conditionally
grant relief.

 Garza challenges Nexstar's assertion that the federal arbitration act applies. (1) The trial
court may resolve a motion to compel arbitration in a summary proceeding. Jack B. Anglin
Co., Inc. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992). A full evidentiary hearing is required
only to resolve matters controverted by opposing affidavits or other admissible evidence. Id. 
It appears here that the 136th District Court considered the motion to arbitrate through
summary proceedings, as expressly permitted by Jack B. Anglin. See id. Nexstar's motion
to compel includes an attached copy of the employment agreement and an affidavit from its
general manager. Included in the affidavit is a statement that during Garza's employment,
the station did business in Texas and Louisiana. Garza did not controvert this statement in
an opposing affidavit. Garza argues that the state arbitration act applies because Nexstar is
engaged in the operation of a small television station in Texas and the employment contract
is performable in this state.

 The federal act applies when the dispute concerns a contract evidencing a transaction
involving interstate commerce. Id. at 269-70. In this case, Nexstar employed Garza in a
business engaged in commerce between the states of Texas and Louisiana.

 An employment contract evidences a transaction involving interstate commerce where
the employees work exclusively in one state but the employer is engaged in interstate
commerce. See In re Border Steel, Inc., 229 S.W.3d 825, 831 (Tex. App.--El Paso 2007,
orig. proceeding [mand. denied]) ("There are numerous ways, independent of where
employees perform their duties, for an entity to affect interstate commerce."); In re Big 8
Food Stores, Ltd., 166 S.W.3d 869, 879 (Tex. App.--El Paso 2005, orig. proceeding)
("Because Big 8's business operations fall within the scope of Congress's regulatory power
under the Commerce Clause, Big 8's relationship with its employees involves 'commerce'
as that term is used in the FAA."). We conclude that the employment contract between
Nexstar and Garza relates to a transaction substantially affecting interstate commerce and is
subject to the federal arbitration act. Accordingly, mandamus is the appropriate vehicle for 
Nexstar to challenge the trial court's ruling on Nexstar's motion to abate. See Jack B. Anglin,
842 S.W.2d at 272.

 "A party seeking to compel arbitration must establish the existence of an arbitration
agreement, and show that the claims raised fall within the scope of that agreement." In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999), abrogated on other
grounds by In re Halliburton Co., 80 S.W.3d 566, 572 (Tex. 2002). "The trial court's
determination of the arbitration agreement's validity is a legal question subject to de novo
review." J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003). "If the trial
court finds a valid agreement, the burden shifts to the party opposing arbitration to raise an
affirmative defense to enforcing arbitration." Id. Once a party establishes that a valid
arbitration agreement exists, a strong presumption arises favoring arbitration. Id. Here, the
trial court found the contract's arbitration clause unenforceable because Garza's employment
relationship with Nexstar was "'at will'."

 The parties' reciprocal promises to arbitrate may provide sufficient consideration to
support the enforcement of an arbitration agreement. See In re Halliburton Co., 80 S.W.3d
at 569. In such a case, the employee's at-will employment status does not make the
consideration illusory because both parties are bound to arbitrate. Id. Garza contends the
consideration for the arbitration clause in her employment agreement is illusory because the
contract grants Nexstar the unilateral right to enforce the noncompetition covenant by
seeking injunctive relief in a court. Nexstar's unilateral right to bypass arbitration and seek
redress in the courts is limited to enforcement of the covenant not to compete. Any claim for
damages for breach of contract by either party is subject to the arbitration clause. The
parties' contract provided separately for an agreement not to compete and an agreement to
arbitrate disputes arising out of the employment agreement. The consideration for the former
consisted of Nexstar's agreement to provide confidential information to Garza, while the
consideration for the latter consisted of the parties' mutual agreement to arbitrate their
disputes. Contract language exempting an employer's claims for injunctive relief from an
arbitration agreement does not affect the mutuality of the promise to arbitrate employment
disputes. See In re Alamo Lumber Co., 23 S.W.3d 577, 579 (Tex. App.--San Antonio 2000,
orig. proceeding, pet. denied). Because Nexstar agreed to arbitrate any claim for damages,
Garza's agreement to arbitrate was supported by Nexstar's reciprocal agreement to arbitrate.

 Garza argues in the alternative that the contract, if supported by consideration, is
unenforceable because it is ambiguous. A contract is ambiguous if it is subject to two or
more reasonable interpretations after examining the entire writing in an effort to harmonize
and give effect to all of the provisions so that none are rendered meaningless. J.M.
Davidson, 128 S.W.3d at 229. The employment contract in this case is not subject to more
than one reasonable interpretation; rather, the enforcement of the covenant not to compete
through court-ordered injunctive relief is the sole exception to the agreement to arbitrate all
employment disputes.

 Garza contends her dispute with Nexstar does not fall within the scope of the
agreement to arbitrate because she seeks a declaratory judgment and brings a claim for
breach of contract only in the alternative. Garza argues she did not file a suit asking the court
to decide a dispute, but merely asked the court to clarify her employment status. She also
argues that the issue of arbitration is moot because a prior opinion of this Court invalidated
the liquidated damages clause in a similar suit involving another former Nexstar employee. 
See Nexstar Broadcasting, Inc. v. Gray, No. 09-07-364-CV, 2008 WL 2521967, at *3 (Tex.
App.--Beaumont Jun. 26, 2008, no pet.) (mem. op.). If we were to follow Garza's argument
to its logical conclusion, she would be arguing for dismissal of the entire cause rather than
a stay for arbitration proceedings. "A declaratory judgment requires a justiciable controversy
as to the rights and status of parties actually before the court for adjudication, and the
declaration sought must actually resolve the controversy." Brooks v. Northglen Ass'n, 141
S.W.3d 158, 163-64 (Tex. 2004). If there were no dispute between the parties, a judicial
decision on the subject would be a prohibited advisory opinion. See id. Because the
existence of a dispute is a prerequisite for a declaratory judgment action, Garza cannot avoid
the arbitration agreement by characterizing her claim as a request for a clarification of her
employment status.

 Garza also argues that Nexstar waived its right to arbitrate. Because an agreement to
arbitrate is simply a matter of contract between the parties, the right to arbitrate can be
waived if the parties agree to resolve their dispute in court. Perry Homes v. Cull, 258 S.W.3d
580, 593 (Tex. 2008), cert. denied, 129 S.Ct. 952, 173 L.Ed.2d 116, 77 U.S.L.W. 3396 
(2009). Garza seems to argue that Nexstar waived its right to arbitrate because it could have
filed a suit to enjoin Garza from violating the non-competition agreement; however, we find
no evidence in this record that Garza accepted employment involving the rendering of on-air
services in the station's market. Furthermore, evidence that Nexstar refrained from seeking
redress in the courts would not support an argument that the station's affirmative acts waived
its rights under the contract. Nexstar has not substantially invoked the judicial process in this
case; accordingly, its actions in this case have not affected a waiver of its right to seek
enforcement of the arbitration agreement. Id. at 589-90 ("[A] party waives an arbitration
clause by substantially invoking the judicial process to the other party's detriment or
prejudice").

 Next, Garza argues that Nexstar's actions in Nexstar v. Gray operate as an affirmative
waiver of its rights to compel arbitration in this case. See generally Nexstar v. Gray, 2008
WL 2521967. To allow Nexstar to seek redress in the courts in some instances but not in
others, Garza argues, would be to deny Garza rights and responsibilities made available to
Gray when Nexstar elected to sue Gray in court. The dispute between Garza and Nexstar is
unrelated to the dispute between Gray and Nexstar. (2) The arbitration clause was not at issue
in Gray, and Nexstar's failure to invoke its arbitration rights in that case does not directly
affect its rights to enforce other contracts, such as the one at issue here.

 Finally, Garza contends the arbitration agreement is unconscionable because it
provides that the parties will share equally the fees of arbitration. "Agreements to arbitrate
disputes between employers and employees are generally enforceable under Texas law; there
is nothing per se unconscionable about an agreement to arbitrate employment disputes and,
in fact, Texas law has historically favored agreements to resolve such disputes by
arbitration." In re Poly-America, L.P., 262 S.W.3d 337, 348 (Tex. 2008). "[F]ee-splitting
provisions that operate to prohibit an employee from fully and effectively vindicating
statutory rights are not enforceable." Id. at 356. To establish unconscionability of a fee-splitting agreement, the complaining party must establish that she "will likely incur
arbitration costs in such an amount as to deter enforcement of statutory rights in the arbitral
forum." Id. The mandamus record filed in this case contains no evidence regarding the fees
Garza would pay in arbitration and the trial court did not expressly find that the arbitration
agreement is unenforceable on this ground.

Conclusion


 Nexstar established the existence of an agreement to arbitrate and the claims asserted
by Garza fall within the scope of that agreement. See Oakwood Mobile Homes, 987 S.W.2d
at 573. Although the trial court determined the contract is an at-will employment agreement,
the parties' mutual agreement to arbitrate disputes arising out of the contract supply adequate
consideration for the agreement to arbitrate. See Halliburton, 80 S.W.3d at 569. Garza
failed to establish that Nexstar waived its right to compel arbitration. Cf. Perry Homes, 258
S.W.3d at 593. No evidence in the mandamus record supports an implied finding of
unconscionability arising from an agreement to share the costs of arbitration. See Poly-America, 262 S.W.3d at 356. Thus, the trial court erred in ruling that the arbitration
agreement is unenforceable. We are confident that the trial court will compel arbitration in
this case and stay all proceedings in the trial court pending arbitration. The writ will issue
only if the trial court fails to comply with these directions.

 PETITION CONDITIONALLY GRANTED.


 PER CURIAM





Submitted on April 13, 2009

Opinion Delivered May 14, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The state and federal acts are not mutually exclusive and may apply simultaneously
in a given situation. In re D. Wilson Const. Co., 196 S.W.3d 774, 779 (Tex. 2006). Because
Nexstar filed only a petition for writ of mandamus, the applicability of the state arbitration
act is not at issue. Accordingly, we do not decide whether Nexstar could have pursued an
interlocutory appeal of the trial court's order. See Tex. Civ. Prac. & Rem. Code
Ann. § 171.098(a)(1) (Vernon 2005).
2. Although both contracts contained the same arbitration clause, the dispute in this
case differs from Nexstar's litigation with Gray, which concerned a claim for tortious
interference by a non-signatory and a claim for damages against the employee. See generally
Nexstar v. Gray, 2008 WL 2521967. No issue of arbitrability was asserted in that case. Id.