

# NUMBER 13-09-00201-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

---

**RAMON LUNA, RODOLFO LUNA,**         **Appellants,**
**INDIVIDUALLY AND AS PARTNERS**
**IN LUNA BROTHERS PARTNERSHIP**

**v.**

**ROBERTO LUNA,**         **Appellee.**

---

**On appeal from County Court at Law No. 6**
**Hidalgo County, Texas**

---

# MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellants Ramon Luna and Rodolfo Luna appeal from an adverse judgment

entered after a bench trial in a suit brought by Roberto Luna, appellee, for fraud, breach

of fiduciary duty, and breach of contract.[1]  Appellants attack the sufficiency of the evidence to support the trial court's award of a five-acre tract of land to appellee.  By two issues, appellants argue:  (1) the trial court erred in entering a judgment granting the five acres to appellee because the evidence conclusively established no agreement was negotiated by the parties; and (2) the trial court's finding of fact that the parties negotiated the land for appellee's exclusive benefit is against the great weight and preponderance of the evidence.  We reverse and render judgment.

## I.    Factual and Procedural Background

Luna Brothers was a farming partnership comprised of five brothers:  Romulo, Ramon, Refugio, Roberto and Rodolfo.  In the 1970s, the brothers partitioned some of the land, with each brother selecting a tract of land.  Pursuant to this exchange, Refugio, Ramon, and Rodolfo each received forty acres.  Romulo and Roberto each apparently received thirty-five acres, after Roberto made trades with his brothers, including the five-acre tract at issue in this lawsuit.[2]  Neither the partnership agreement nor any written agreement regarding the conveyances was admitted into evidence.  The warranty deeds for the conveyances were executed in April of 1982, a few months before Romulo died.  Roberto, Ramon, and Rodolfo were signatories to the warranty deeds conveying the property to the respective brothers.

On June 9, 1982, Romulo died, leaving a will giving the five-acre tract to his son, Roy.  Roy subsequently approached Roberto to see if he was interested in purchasing

---

[1]  Appellee's pleading includes causes of action for fraud and breach of fiduciary duty; however, a liberal review of the pleading's background section may arguably support a claim for breach of contract. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).  A court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *Gulf, Colo. & S.F. Ry. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963).

[2]  No evidence regarding the value of the tracts at the time of the 1970s partition or the 1982 conveyance was admitted into evidence.

2

the tract. Roy and Roberto negotiated a price and terms of payment. Roberto then told Ramon and Rodolfo that Luna Brothers partnership was going to purchase the tract from Roy, but he did not tell them that he intended the tract to eventually be conveyed to him to equalize his share of the 1970s partition. On September 9, 1983, Rodolfo and Roberto, as the independent executors of Romulo's estate, executed a warranty deed conveying the five-acre tract to Roy. On that same day, Roy executed a warranty deed conveying the five-acre tract to Roberto, Ramon, and Rodolfo.[3]

In 2006, the partnership ended, and but for the five acres at issue in this lawsuit, the parties agree the remaining partnership land was divided among the remaining partners, Roberto, Ramon, and Rodolfo. Roberto asserts the five-acre tract should be transferred to him, whereas Ramon and Rodolfo assert the tract should be equally divided among the three of them. Roberto bases his claim to the five-acre tract on a general oral agreement that all of the partnership's profits and holdings were to be divided equally. He asserts that because he received an unequal share of property in the 1970s partition, he is entitled to the five-acre tract.[4] The trial court awarded Roberto the five-acre tract, but declined to award any monetary amount as damages.

## II. Breach of Contract

Appellants' issues on appeal focus on the negotiation of an alleged agreement regarding the five-acre tract, the sole finding of fact made by the trial court. By their first issue on appeal, appellants assert the trial court erred in entering a judgment granting

---

[3] It is undisputed on appeal that the five-acre was conveyed to the Luna Brothers partnership, notwithstanding the absence of any reference to the partnership in the warranty deed.

[4] Roberto did not prove the applicability of any particular equitable theory of recovery, and no finding of fact or conclusion of law supports a finding in equity. In addition, the evidentiary record is sparse and does not include an analysis of what specific properties went to Roberto, Ramon, and Rodolfo, and their respective values, when the partnership ended in 2006. Rather, only a limited discussion can be gleaned from the transcript.

the five acres to Roberto when the sworn testimony of the parties conclusively established that an agreement was never negotiated by the parties. By their second issue on appeal, appellants assert the trial court's finding of fact that the parties negotiated the five acres for Roberto's exclusive benefit is against the great weight and preponderance of the evidence. We construe these issues as challenges to the legal and factual sufficiency of the evidence.

### A. Standards of Review

When we review a trial judge's findings of fact, we apply the same standards for legal sufficiency of the evidence as we do when we review the findings of a jury. *Thomas v. McNair*, 882 S.W.2d 870, 881-82 (Tex. App.—Corpus Christi 1994, no writ). In itself, the legal sufficiency of the evidence is a question of law, not fact. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005). No evidence points of error must be sustained when the record discloses one of the following: (1) evidence of a vital fact is completely absent; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Id.* at 810.

In conducting a legal-sufficiency analysis, we review all of the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it, to determine whether there is more than a scintilla of evidence to support the challenged finding. *Id.* at 822. Without acting as a trier of fact, we must credit favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* at 827. We do not judge the

4

credibility of the witnesses or the weight of their testimony. *See Id.* at 819. If the evidence would enable reasonable and fair-minded people to differ in their conclusions, then the fact-finder must be allowed to reach any conclusion that falls within the zone of reasonable disagreement. *Id.* at 822. A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement. *Id.*

When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). After considering and weighing all the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* Because the court of appeals is not a trier of fact, in reviewing factual sufficiency, we may not pass upon the witnesses' credibility or substitute our judgment for that of the trier of fact. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998). We overturn findings only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).

The elements for a valid and binding contract are: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Hubbard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App.—Fort Worth 2004, pet. denied); *Labor Ready Central L.P. v. Gonzalez*, 64 S.W.3d 519, 522 (Tex. App.—Corpus Christi 2001, no pet.). Consideration is also a fundamental element

5

of a valid contract. *Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 408-09 (Tex. 1997); *Hubbard*, 138 S.W.3d at 481. The elements of written and oral contracts are the same and must be present for a contract to be binding. *Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex. App.—Tyler 2004, pet. denied); *Bank of El Paso v. T.O. Stanley Boot Co.*, 809 S.W.2d 279, 284 (Tex. App.—El Paso 1991), *aff'd in part, rev'd in part on other grounds*, 847 S.W.2d 218 (Tex. 1992). Where an essential term is open for future negotiation, there is no binding contact. *Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 653 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Gerdes v. Mustang Exploration Co.*, 666 S.W.2d 640, 644 (Tex. App.—Corpus Christi 1984, no writ).

A contract for the sale of real estate must be in writing and signed by the party charged with the promise. TEX. BUS. & COM. CODE ANN. § 26.01 (West 2009). An exception exists when the purchaser of real estate under an oral contract: (1) pays consideration; (2) takes possession of the property; and (3) makes permanent and valuable improvements on the property with the consent of the seller, or, without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract was not enforced. *Boyert v. Tauber,* 834 S.W.2d 60, 63 (Tex. 1992); *Pickett v. Keene*, 47 S.W.3d 67, 76 (Tex. App.—Corpus Christi 2001, pet. dism'd w.o.j.). These steps are seen as sufficient evidence of an agreement because they provide affirmative corroboration of the agreement by both parties to the agreement. *Boyert,* 834 S.W.2d at 63; *Francis v. Thomas*, 106 S.W.2d 257, 260-61 (Tex.1937).

**B.      Discussion**

By his petition, Roberto appears to complain that Rodolfo and Ramon breached the partnership agreement.  Roberto pleaded that, pursuant to an oral partnership agreement, Roberto, Rodolfo, and Ramon were to divide any partnership profits equally between each of them (1/3 each) (the remaining three partners), but that pursuant to an earlier distribution between the original five brothers, Rodolfo and Ramon each received forty acres, whereas he only received thirty-five acres.  Roberto pleaded that the distribution was not in line with the earlier partnership agreement, and that when the partnership later purchased the five-acre tract from Romulo's son, Roy, it was agreed the property was being purchased for Roberto.  In essence, Roberto argues that pursuant to the partnership agreement, he should have received five more acres at the time of the original distribution of property between the five brothers, and that because he has not received the five acres from Rodolfo and Ramon, they have somehow breached their agreement.

The evidence presented at trial contradicts Roberto's pleadings and fails to show Rodolfo and Ramon breached the partnership agreement with respect to the five-acre tract.  Rather, the evidence shows the parties did not negotiate any agreement between them regarding the five-acre tract, and there was no meeting of the minds that Roberto was to receive the five-acres. The evidence is wholly devoid of any evidence of an offer, acceptance, meeting of the minds, consent to the terms, or delivery of a contract with the intent that it be mutual and binding.  Further, the evidence does not show Roberto personally took possession of the property or made permanent and valuable

improvements to the property with the partnership's consent, necessary factors for an oral contract for the transfer of real property.

Roberto testified that he personally negotiated with Roy, after Roy inherited the property from Romulo, regarding the sale of the five-acre tract, and that he later informed Rodolfo and Ramon about the purchase agreement. Roberto testified:

Q. What did you tell them? Tell the Judge.

A. As soon as the deal was on, "This is what we're going to do, and that's it." They, "Okay. Let's go for it." I never told them that that five-acres were mine. We never discussed that either. We just said, "We're going to buy it for Luna Brothers."

Q. So your testimony is you're not telling this Judge that you told them, "Those are my five-acres, and you're paying for it."

A. No, I did not. I did not say anything like that . . . I was always thinking of the one-third, Luna Brothers. That's the contract we've got there.

Roberto later confirmed this testimony on multiple occasions, and further testified during cross-examination, as follows:

Q. I'm going to refer you again to your sworn testimony. You recall that you testified under oath . . . "The honest truth, and that we never, ever discussed that the five-acres were going to be bought exclusively for me [Roberto] when Luna Brothers purchased the five-acres." That was your sworn testimony last week, wasn't it, sir?

A. Yes, sir. We never discussed that.

Q. And that is the honest truth. That was never discussed. Now—and I think you went on to testify also, didn't you, that you never once had an agreement regarding that five-acres being for you. That was your sworn testimony last week, wasn't it?

A. That was for Luna Brothers. Luna Brothers bought it.

8

Rodolfo and Ramon testified that Roberto never discussed, and they never agreed, that the five-acre tract, which was purchased by Luna Brothers, was being purchased exclusively for Roberto. They further testified that for more than twenty years, Roberto never complained that the property was not in his individual name. The 1983 warranty deed shows that the property was conveyed by Roy to Roberto, Rodolfo, and Ramon, and not to Roberto individually.

In the event the trial court's findings arguably contain an element of a cause of action for breach of contract (discussed below), we hold that in addition to the absence of a proper finding of fact on this theory of relief, the evidence does not support such a theory of recovery. We conclude there is no evidence to show that an agreement was negotiated between the parties regarding the five-acre tract, and there is no evidence to support a cause of action for breach of contract. We further conclude the trial court's findings of fact that the parties negotiated the five-acre tract for Roberto's exclusive benefit is against the great weight and preponderance of the evidence.

## III. Findings of Fact and Conclusions of Law

The Texas Rules of Civil Procedure grant a procedural right following a bench trial to request the trial court to prepare written findings of fact and conclusions of law. TEX. R. CIV. P. 296. The purpose of a request is to "narrow the bases of the judgment to only a portion of the claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." *Liberty Mut. Fire Ins. v. Laca*, 243 S.W.3d 791, 794 (Tex. App.—El Paso 2007, no pet.) (citing 6 MCDONALD & CARLSON, TEXAS CIVIL PRACTICE § 18:3 (2d ed. 1998)); *see also Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

9

After the trial court entered its judgment in favor of Roberto, Ramon and Rodolfo timely requested findings of fact and conclusions of law. The trial court made and filed the following findings of fact, but did not make or file any conclusions of law:

> The Court, after hearing all the witnesses and considered all the evidence and arguments of counsel, finds that some witnesses appeared to be less than truthful and with unclean hands.[5]

> The Court further finds that Plaintiff and Defendants negotiated the five (5) acre land at issue for the exclusive benefit of Robert [sic] Luna.

No findings of fact were made regarding Roberto's claims for fraud and breach of fiduciary duty, or any element thereof.[6] In addition, the trial court did not enter any findings of fact that would support equitable relief. Further, mere negotiation is not an element of breach of contract.[7] At the time the trial court filed its findings of fact, Roberto had the right to request additional or amended findings pursuant to Texas Rule of Civil Procedure 298. *See* TEX. R. CIV. P. 298. Roberto, however, did not request any additional findings of fact or conclusions of law to support his legal theories.

---

[5] The doctrine of unclean hands is a defensive theory, not a claim for affirmative equitable relief. Under this doctrine, a court may refuse to grant a plaintiff equitable relief who is guilty of "unclean hands." *Lazy M Ranch, Ltd. v. TXI Operations, L.P.*, 978 S.W.2d 678, 683 (Tex. App.—Austin 1998, pet. denied); *see Thomas v. McNair*, 882 S.W.2d 870, 880 n.5 (Tex. App.—Corpus Christi 1994, no writ).

[6] The elements of a cause of action for breach of fiduciary duty are: (1) a fiduciary relationship between the plaintiff and defendant; (2) a breach by the defendant of his fiduciary duty to the plaintiff; and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach. *Dernick Resources, Inc. v. Wilstein*, 312 S.W.3d 864, 877 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

The elements of a cause of action for fraud are: (1) a material misrepresentation; (2) that was either known to be false when made or was asserted without knowledge of its truth; (3) which was intended to be acted upon; (4) which was relied upon; and (5) which caused injury. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

[7] The elements of a cause of action for breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Tex. Dep't of Transp. v. Crockett*, 257 S.W.3d 412, 416 (Tex. App.—Corpus Christi 2008, pet. denied).

Rule 299 of the Texas Rules of Civil Procedure provides, in relevant part:

> When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery . . . embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery . . . no element of which has been included in the findings of fact . . . .

TEX. R. CIV. P. 299.

A theory of recovery is deemed waived, even if it is raised by the pleadings and evidence, if findings of fact are made and filed, but no finding is referable to such a legal theory. *Imatani v. Marmolejo*, 606 S.W.2d 710, 714 (Tex. Civ. App.—Corpus Christi 1980, no writ) (plaintiff's theory of tender was waived because, although raised by the pleadings, plaintiff failed to request additional findings on that theory); *see also Fielder v. Abel*, 680 S.W.2d 655, 656-57 (Tex. App.—Austin 1984, no writ); *Home Indemnity Company v. Muncy,* 449 S.W.2d 312, 316-17 (Tex. Civ. App.—Tyler 1969, writ ref'd n.r.e.); *McKenzie v. Carte,* 385 S.W.2d 520, 529 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.); *Pinson v. Dreymala,* 320 S.W.2d 152, 156 (Tex. Civ. App.—Houston 1958, writ dism'd w.o.j.).

The trial court found that the witnesses were less than truthful and had unclean hands, and that the parties negotiated the property for the exclusive benefit of one of the parties. Such findings neither state a cause of action for, nor constitute elements of, fraud, breach of fiduciary duty, or breach of contract. Accordingly, we hold Roberto's causes of action for fraud, breach of fiduciary duty, and breach of contract are waived. *See* TEX. R. CIV. PROC. 299.

We sustain appellants' first and second issues.

11

## IV. CONCLUSION

The judgment of the trial court is reversed.  We render judgment that the appellee take nothing by his lawsuit against the appellants.[8]

_____
GREGORY T. PERKES
Justice

Dissenting Memorandum Opinion by Justice Dori Contreras Garza.

Delivered and filed the
28th day of April, 2011.

---

[8]The warranty deed shows that Roberto, Ramon, and Rodolfo each own a 1/3 undivided interest in the five acre tract.

12