

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00088-CV

RONALD BROOKS JOHNSON AND DEBBIE LYNN JOHNSON, Appellants

V.

A-ANDERSON AIR, INC., Appellee

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV23-0182

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Appellants, Ronald Brooks Johnson and Debbie Lynn Johnson, appeal from the granting of summary judgment in favor of Appellee, A-Anderson Air, Inc. In two issues, the Johnsons assert that the trial court erred in (1) granting the Appellee's motion for summary judgment because the Appellee failed to establish that no genuine issue of material fact existed and (2) "awarding damages in the amount of $92,087.48 and attorneys' fees in the amount of $24,563.08."[1]

We find that there remain issues of material fact and reverse the judgment of the trial court.

## I.    Background

The Johnsons own a home in Azle, Texas. According to Appellee's petition, in 2018, lightning struck the Johnsons' property, causing damage to the property. The Johnsons hired Appellee to perform repair work on their property, including repairing electrical wiring, devices, fixtures, and built-in equipment damaged by the lightning strike. The parties agree that, during the course of work, the Johnsons paid Appellee $23,228.80. Appellee sent an invoice dated December 18, 2019, to the Johnsons seeking payment of $96,912.31. Appellee stated in its petition that it credited the Johnsons $4,824.83 for outstanding work, leaving a balance of $92,087.48. The Johnsons did not pay the outstanding balance.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

Appellee filed suit for breach of contract, violation of the prompt payment act, quantum meruit, money had and received, and promissory estoppel. The Johnsons filed a general denial of the allegations and asserted the following affirmative defenses: (1) that "a condition precedent ha[d] either failed to occur or to be performed," (2) that "the alleged contract failed to satisfy the statute of frauds," (3) that "the alleged contract was indefinite and unenforceable," and (4) that "the alleged contract lack[ed] adequate consideration."

After conducting discovery, Appellee moved for summary judgment, asserting that no genuine issue of material fact existed as to the breach of contract claim and seeking "$92,087.48, plus pre- and post-judgment interest and attorneys' fees and costs." To its motion for summary judgment, Appellee attached the affidavit of Jack Wallace, director of A-Anderson Air, Inc., the unpaid invoice, the affidavit of attorney Alexander Iorio, Appellee's pre-suit demand for payment and notice of lien filing dated May 19, 2020, Appellee's original petition, the Johnsons' original answer, Appellee's attorney fees statement, and Appellee's proposed order granting its motion for summary judgment. The trial court set the summary judgment motion for hearing.

The Johnsons then filed their response to Appellee's motion for summary judgment, arguing that Appellee's evidence was insufficient to support summary judgment. The Johnsons responded that there was no valid contract between the parties for the electrical work to be performed. The Johnsons attached a "true and correct copy of the Parker County Appraisal Report," text exchanges between Debbie Johnson and a subcontractor for A-Anderson Air, a list of "items that [had] not been completed," totaling $16,309.98, and the affidavits of the Johnsons.

Appellee objected to the evidence offered by the Johnsons in their response. After a hearing on Appellee's motion for summary judgment,[2] the trial court granted Appellee's motion and awarded damages in the amount of $92,087.48, attorney fees and costs in the amount of $24,563.08, and pre- and post-judgment costs and interest. The Johnsons subsequently filed a motion for new trial, which was denied. This appeal ensued.

## II. Briefing

As an initial matter, we first address Appellee's argument that the appeal should be dismissed because of inadequate briefing and a disregard for the Texas Rules of Appellate Procedure. Appellee complains of incorrect or improper assertions and statements of fact not supported by the record or cited by reference in the Johnsons' appellate brief. Appellee also states that, in their brief, the Johnsons rely on information or evidence that was not presented until after the summary judgment motion was granted and, thus, cannot be considered by this Court. Furthermore, Appellee contends that this Court should dismiss the appeal because the Johnsons disregarded a letter notice from this Court giving the Johnsons ten days to correct a deficiency in their appellate brief, specifically that the Johnsons' brief did not contain an appendix pursuant to Rule 38.1(k) of the Texas Rule of Appellate Procedure. *See* TEX. R. APP. P. 38.1(k).

While the Johnsons' brief did not contain an appendix, the record is small, and we decline to dismiss this appeal pursuant to Rule 42.3(c) of the Texas Rule of Appellate Procedure.

---

[2]The Johnsons did not request a copy of the reporter's record to be included in the appellate record. Appellee informs us that there is no record of that proceeding. Further, the official court reporter for the 415th Judicial District Court informed us that no record was made of the June 21, 2024, proceeding.

*See* TEX. R. APP. P. 42.3(c).  However, we will not consider information or evidence that was not presented until after the summary judgment motion was granted in our review of the trial court's decision.

### III.    Summary Judgment

"We review the trial court's [granting of] summary judgment de novo" to determine whether the movant established its right to judgment as a matter of law.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  We apply the well-established standard for reviewing traditional summary judgments.  *See* TEX. R. CIV. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994).  In reviewing the summary judgment record, "we indulge every reasonable inference" in favor of the nonmovant, resolving all doubts in their favor, and "take as true all evidence" in the nonmovant's favor.  *Provident Life*, 128 S.W.3d at 215.  The movant has the burden of establishing no genuine issues of material fact exist and its entitlement to judgment as a matter of law.  TEX. R. CIV. P. 166a(c).

To obtain summary judgment on its breach of contract claim, Appellee needed to conclusively establish the following elements:    (1) the existence of a valid contract, (2) performance or tendered performance by Appellee, (3) breach of the contract by the Johnsons, and (4) damages resulting from the breach.  *See Pena v. Smith*, 321 S.W.3d 755, 759 (Tex. App.—Fort Worth 2010, no pet.) (citing *Cradle Co. v. Castle*, 913 S.W.2d 627, 631 (Tex. App.—Dallas 1995, writ denied)).

5

### A. Existence of a Valid Contract

A threshold issue in this summary judgment is whether Appellee demonstrated the existence of a contract associated with its alleged damages. The Johnsons argue, "It is true that the evidence shows that A-Anderson Air and the Johnsons entered into a contract for [Appellee] to perform restoration work. But there is **zero evidence** that the contract was for the total amount of $120,141.11." The Johnsons claim that the only contracted-for services resulted in an invoice for $5,227.00. An invoice in that amount appears in the record and is attached to Appellee's motion for summary judgment as an exhibit. That invoice purports to be for installation of a new air conditioning unit and associated materials and services. That invoice shows "Paid," with a remaining balance of zero. That comports with the Johnsons' response to the motion for summary judgment, where they acknowledged the contract for replacement of an air conditioner and associated electrical work. Referring to the charges that are the subject of the summary judgment motion, the Johnsons then contended, "There is not a valid contract on the homestead property and the invoice is erroneous," and "there is not a valid contract." Again, referring to the invoice, the Johnsons argued, "This invoice does not discuss the rest of the electrical in the home and is not a contract for that work."

Appellee asserts that the trial court did not err in finding that a valid and enforceable contract existed to support its claim for damages because it presented the affidavit of Wallace in addition to an invoice detailing a remaining balance owed on the work performed. The affidavit indicates that the Johnsons entered into a contract with Appellee to "replace and/or repair damaged electrical wiring, devices, fixtures, [and] built in equipment . . . after the [p]roperty was

6

struck by lightning." According to Wallace, the Johnsons retained A-Anderson, Inc., to restore the Johnsons' property "after it suffered a casualty loss in exchange for payment" that totaled $120,141.11. Wallace further averred that, after payments and offsets, the Johnsons had an "outstanding balance of $92,087.48." Wallace attached the invoice to his affidavit, which purported to document the work that had been performed and the price for labor and parts. But there is nothing in the affidavit or invoice evidencing the parties' agreement on the scope of or price for the work done. *See Parillo v. Kofahl Sheet Metal Works, Inc.*, No. 05-15-01037-CV, 2016 WL 3547965, at *2 (Tex. App.—Dallas June 28, 2016, no pet.) (mem. op.). The invoice provides an "OVERVIEW" of the completed work and even details numerous "complications" that Appellee "overc[a]me" with "extensive materials and labor." Even so, nowhere in the invoice is there an indication that the Johnsons were privy to the complications, reached an agreement, approved the scope of work, agreed to the terms of the invoice or charges, etc.

The Johnsons, in their brief on appeal and in their response to Appellee's motion for summary judgment, assert that they did not agree to the contract price as set forth in Wallace's affidavit, but instead assert that they verbally agreed to a price of "up to but no more than $40,000." The Johnsons further asserted that Appellee did not complete all of the work that was billed in the invoice, and in support thereof, the Johnsons attached a "Painting estimate and Expert Analysis of work to still be completed" to their response. The Johnsons argue that "[t]here is at least $16,309.98 in work still to be done to complete the job that was supposed to be completed by [Appellee]." We need not consider this evidence to resolve the Johnsons' first issue.

7

Appellee asserts that the Johnsons concede that a contract existed between the parties; however, while the Johnsons do not dispute that they retained Appellee to complete work on their property, there is a dispute as to the agreed upon, if any, scope of the work and price to be paid for the work.

> Under Texas law, the requirements of a valid contract are: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding.

*Hubbard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App.—Fort Worth 2004, pet. denied) (citing *Labor Ready Cent. III, L.P. v. Gonzalez*, 64 S.W.3d 519, 522 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.)). Thus, on this record, the evidence is insufficient to show the terms of the offer, a meeting of the minds, or each party's consent to the terms of the contract. *See Parillo*, 2016 WL 3547965, at *2.

Because Appellee's summary judgment evidence was insufficient to establish the existence of a contract between the Johnsons and Appellee related to the claim for damages, a necessary element of its breach of contract claim, the trial court erred in granting Appellee's summary judgment motion. *See id.*[3]

We sustain the Johnsons' first issue.

---

[3]The Johnsons present in their brief a second issue challenging the damages award; however, the Johnsons do not present any argument for this issue. *See* TEX. R. APP. P. 38.1. Even if the Johnsons had presented an argument as to the damages awarded, having sustained the Johnsons' first issue on appeal, which is dispositive, we need not reach this issue. TEX. R. APP. P. 47.1.

## IV.    Conclusion

We reverse the trial court's judgment and remand the cause to the trial court for proceedings consistent with this opinion.

Charles van Cleef
Justice

Date Submitted:     February 18, 2025
Date Decided:       February 26, 2025